UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RENEE C. GARTIN**                                                                                **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 3:09CV-435-H**

**POLICE**                                                                               **DEFENDANT**

### MEMORANDUM OPINION

Unrepresented by counsel and proceeding *in forma pauperis*, Plaintiff Renee C. Gartin filed a civil complaint against "Police." Upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court will dismiss the action.

**I.**

The allegations are disjointed and difficult to follow requiring the Court to quote a great portion of Plaintiff's complaint. Plaintiff begins her claim against "Police" as follows:

> [H]ere's also what I have against the police the psychriacrist police arrest warrant didn't look like my daughter's handwriting nor my son's . . . . When I got locked up the lst time here what happen I went to the post office to pick up my certified mail, before I got there a lot of people were speaking to I being bugged your certified mail is your back pay from Social Security and apparrantly follow saying the first person I want you to give me some money. I said nigger before I knowed it I not supposed to give just have to give you money I just didn't like the way the person asked. The next person said then you can't have your certified mail. I said nigger I can get my mail and I had picture I.D. but the address weren't current cause I lost my other . . . . But they always gave me my certified mail before . . . . I getting tired of this it's been 20 years now people have been picking on me every since I been unable to work . . . . Now back to the mail situation I had to change where I picked up my certified mail in the area in which I lived in because the post office at 7th and York spoke of evil Witchcraft were fighting against them some many people are jealous because I'm sick and aint working this is what causes evilness which the bible speaks of witchcraft evil doers and Demons. . . .
>
> Now back to the post office incident you know I walked back in there two more times without saying a word then hoping to get my mail but it had gotten kinda crowded because I'm not a argumentive person I decided to leave and go home and come back another day. . . .

. . . Anyway when I decided to come back to the post office another day and got half way off the lot outside . . . I happen to look back and there was the police. Oh let me mention some black Guy came out of the side door at the post office and ask me to leave said he was gonna go and get someone but didn't say it was gonna be the police. But anyway I left. As stating while leaving outside halfway off the lot above from the post office I happen to look back and there he came running after me while I was walking away. I told him I was gonna come back another day. He put hand cuffs on me anyway, checked my purse I had no weapons.

Inside the police car I cried and asked him to let me go home and stated I had done nothing wrong. He went by my apartment building got out and went inside came back out and took me to jail. . . Anyway the last time when I got to jail I had on two pair of pants. Two policemen and one woman said take your pants off. I said what for she said we need to check your pockets they were Caucasions Color of people. So she took off one pair and checked pockets on me. I told them to call my family to let them know that I was in jail without my family knowing where I was of the 10-14 days. Cause my daughter came to see me and told me they didn't call. . . .

They denied me 9 plates of food. And when I first got to jail they had a bed out there and 20 police men white in color said they were gonna rape me. . . . I was told I was put on television from the day I was born. Because of being a quit little baby when I was born and graceful walking and graceful ways. Don't you know someone by bugging and through street, house bugging and is trying to change me because they call me the Queen of the South because of my graceful ways. . . . The police after 20 of them threaten to rape me which is against the Law, then walked away from me after I put my hand on my hips and said Motherf*****s who you think you talking to, then they all walked away and said they wanting me to apologize to Martina Martin who said skirt was mighty short 30 years ago at her home at dinner. . . . The last Judge I went before I believe she was trying to spoil my clean record she said if I plead guilty she let me go home I kept saying not guilty which wasn't a lie. I slipped anxious to get out jail said well I say guilty and get a lawyer when I get home. Then she said stay out of all post offices . . . . But before I left the Courtroom exit I looked back and shouted just loud enough enough where they could hear me. I'd like to go back to the post offices where I purchase money orders and mail and stamps. . . .

Plaintiff does not indicate any relief which she seeks.

## II.

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

3

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff does not indicate the basis of this Court's jurisdiction nor specify any cause of action. Because she is suing "Police," the Court will liberally construe her action as arising under federal statute 42 U.S.C. § 1983. While she does not specify which "Police" she is suing, the Court presumes she is suing the Louisville Metro Police Department (LMPD). The claims against the LMPD must be brought against the Louisville Metro Government as it is the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against Fiscal Court and Judge Executive is a suit against the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving

force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a county policy or custom caused her any harm. Nothing in the complaint demonstrates that the unidentified police officers' actions about which she complains occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The instant complaint meets this standard.

For the foregoing reasons, the instant action must be dismissed.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:   Plaintiff, *pro se*
4412.005